Louis C. Klein (SBN 188125)
*Louis.Klein@jacksonlewis.com*
Sergio Ponce (SBN 320032)
*Sergio.Ponce@jacksonlewis.com*
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendant
METAL IMPROVEMENT COMPANY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA FLORES, an Individual,<br><br>　　　　　Plaintiff.<br><br>vs.<br><br>METAL IMPROVEMENT COMPANY, LLC; a Delaware Corporation; and DOES 1-50,<br><br>　　　　　Defendants. | CASE NO.:<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**<br><br>(Filed concurrently with Declarations of Paul Ferdenzi and Sergio C. Ponce and Exhibits Related Thereto; Corporate Disclosure Statement; Civil Case Cover Sheet; and Certification and Notice of Interested Parties)<br><br>Complaint Filed: October 7, 2022 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF MARIA FLORES AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant METAL IMPROVEMENT COMPANY, LLC ("METAL") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441 to remove the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles ("Los Angeles County Superior Court") based on diversity jurisdiction.

## SERVICE AND PLEADINGS FILED IN STATE COURT

1. Plaintiff MARIA FLORES ("Plaintiff") filed a civil complaint against Defendant on October 7, 2022 in Los Angeles County Superior Court entitled *Maria Flores v. Metal Improvement Company, LLC, and DOES 1 through 50,* Case No. 22STCV33049 (the "Complaint"). A true and correct copy of the Complaint is attached as Exhibit "A" to the Declaration of Sergio C. Ponce ("Ponce Decl."), ¶ 2.

2. In the Complaint, Plaintiff alleges seven (7) causes of action against Defendant for: (1) Disability Discrimination in Violation of FEHA; (2) Failure to Accommodate Disability in Violation of FEHA; (3) Failure to Engage in the Interactive Process; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent Discrimination, Retaliation, and Harassment; (6) Negligent Hiring, Supervision, and Retention; and (7) Wrongful Termination in Violation of Public Policy.

3. <u>Copies of All Process, Pleadings and Orders:</u> Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers or exhibits of every kind available to Defendant are attached to the Declaration of Sergio C. Ponce, as follows:

- **Exhibit A:** Complaint filed by Plaintiff on October 7, 2022. On October 12, 2022, the Complaint was served on Defendant through its agent for service of process.

- **Exhibit B:** Civil Case Cover Sheet filed by Plaintiff on October 7, 2022. On October 12, 2022, the Civil Case Cover Sheet was served on Defendant through its agent for service of process.

- **Exhibit C:** Summons filed by Plaintiff on October 7, 2022. On October 12, 2022, such Summons was served on Defendant through its agent for service of process.

- **Exhibit D:** Alternate Dispute Resolution Packet filed on October 7, 2022. On October 12, 2022, the Alternate Dispute Resolution Packet was served on Defendant through its agent for service of process.

- **Exhibit E:** First Amended General Order re: Mandatory Electronic Filing filed on October 7, 2022. On October 12, 2022, the First Amended General Order

re: Mandatory Electronic Filing was served on Defendant through its agent for service of process.

- **Exhibit F:** Voluntary Efficient Litigation Stipulation Packet filed on October 7, 2022. On October 12, 2022, the Voluntary Efficient Litigation Stipulation Packet was served on Defendant through its agent for service of process.

- **Exhibit G:** Notice of Case Assignment – Unlimited Civil Case filed on October 7, 2022. On October 12, 2022, the Notice of Case Assignment – Unlimited Civil Case was served on Defendant through its agent for service of process.

- **Exhibit H:** Notice of Case Management Conference filed on October 12, 2022. The Notice of Case Management Conference was downloaded from the state court's website in this action.

- **Exhibit I:** Proof of Personal Service, filed by Plaintiff on October 14, 2022. The Proof of Personal Service was downloaded from the state court's website in this action.

- **Exhibit J:** Defendant's Answer filed on November 10, 2022, which was served by Defendant on Plaintiff on November 10, 2022.

*See* Ponce Decl. at ¶¶ 2-11.

4. Defendant is informed and believes, and thereon alleges, no "Doe" defendants have been served with a Summons and/or the Complaint in the pending action. (Ponce Decl. at ¶ 11.) Further, the citizenship of any Doe Defendant is disregarded for purposes of removal. 28 U.S.C. § 1441(a). Accordingly, this action may be removed by Defendant to federal court pursuant to 28 U.S.C. §1441.

## **REMOVAL IS TIMELY**

5. This Notice of Removal is being filed within thirty (30) days after Defendant was first served with a copy of Plaintiff's Summons and Complaint in this action. *See Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed

3
DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

to receipt of complaint through other means).  This Notice of Removal is therefore filed timely within the time period provided by 28 U.S.C. §1446(b).

## REMOVAL PURSUANT TO DIVERSITY JURISDICTION

6. This Court has original jurisdiction of this action under 28 U.S.C. §1332.  For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal.  *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).  This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity of citizenship exists, as described below:

7. <u>Plaintiff's Citizenship</u>. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years."); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

8. Plaintiff alleges in the Complaint that she "is an individual residing in the State of California, County of Los Angeles."  (Ex. A (Complaint), ¶ 1.)  Plaintiff further alleges that she "performed work for Defendants in the County of Los Angeles" (Ex. A (Complaint), ¶ 9.)  Therefore, Plaintiff is a citizen of the State of California.

9. <u>Defendant's Citizenship</u>. Defendant is a limited liability company ("LLC"). A limited liability company is a citizen of every state of which its owners/members are

citizens. (*Johnson v. Columbia Properties Anchorage, LP* (9th Cir.2006) 437 F.3d 894, 899.) A party may establish the citizenship of members of an LLC that are business entities by establishing state of organization of those business entities and their principal place of business. (*Id.*; *Buie v. Extended Stay Hotels* (E.D. Cal. May 16,2018) 2018 U.S. Dist. LEXIS 82834, *5-6.)

10. Defendant is a Delaware limited liability company. (Declaration of Paul Ferdenzi ("Ferdenzi Decl."), ¶ 3.) Its sole member is Curtiss-Wright Surface Technologies, LLC, which is a Delaware limited liability company. (*Id.*) Curtiss-Wright Surface Technologies, LLC's sole member is Curtiss-Wright Corporation, a Delaware corporation with its principal place of business in Davidson, North Carolina. (*Id.*) Curtiss-Wright Corporation's corporate headquarters are located in Davidson, North Carolina, where its primary executive, administrative, financial, and management functions are conducted and where most of its corporate officers direct, control, and coordinate its activities. (*Id.*) Therefore, Defendant is a citizen of Delaware and North Carolina, and not of California.

11. Based on the foregoing, there is complete diversity allowing removal by Defendant in that Plaintiff is a California citizen and Defendant is a citizen of Delaware and North Carolina. 28 U.S.C. §§ 1441, *et seq.; Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1258 (5th Cir. 1998).

## AMOUNT IN CONTROVERSARY

12. This action also meets the amount in controversy requirement. 28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors above, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Without admitting that Plaintiff could recover any damages, Defendant asserts that the amount in controversy in this action could exceed $75,000.00, exclusive of interest and costs.

13. The amount in controversy may include general and special compensatory damages. (*Richmond v. Allstate Ins. Co.* (S.D. Cal. 1995) 897 F. Supp. 447, 449-50.) The

Court may examine the nature of the action as well as the relief sought and take judicial notice of awards in similar cases. (*See, e.g., Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F. Supp.2d 1029, 1035.

14. Here, Plaintiff's complaint explicitly alleges at least the following amount of damages: "[f]or general damages, including emotional distress damages, in excess of $1,000,000.00," [f]or special damages, in excess of $500,000.00," and "[f]or exemplary and punitive damages, in excess of $5,000,000.00". (*See* Plaintiff's Complaint and Prayer for Relief, attached as Exhibit "A" to the Ponce Decl., ¶ 2.) Plaintiff is also seeking attorneys' fees and civil penalties. (*Id.*) These damages add up to at least **$6,500,000.00**, which far exceeds the jurisdictional amount of $75,000 under 28 U.S.C. § 1332(a).

## DIVSERISTY JURISDICTION IS SATISFIED

15. This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, *et seq.* and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

16. The notice of removal was filed within thirty (30) days of October 12, 2022 the date Plaintiff's Complaint was served on Defendant. This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

## VENUE IS PROPER

17. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, et seq. and 1391(a) because this is the judicial district of this Court in which the action arose, where Plaintiff resides and where the causes of action arose.

18. For all the foregoing reasons, this Court has original jurisdiction of the Complaint under 28 U.S.C. §§ 1332 and 1441 *et seq*.

///

WHEREFORE, Defendant removes the above-entitled action now pending in the Los Angeles County Superior Court to this Court.

Dated:  November 10, 2022                    JACKSON LEWIS P.C.

                                                                By: _____
                                                                Louis C. Klein
                                                                Sergio C. Ponce

                                                                Attorneys for Defendant
                                                                METAL IMPROVEMENT COMPANY, LLC

4876-4577-3372, v. 1